**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4438**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JONATHAN LAMONTE FLORENCE, a/k/a Johnathan Lemount Florence, a/k/a
Jonathan Lamont Florence,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00470-NCT-1)

Submitted:  November 8, 2019                          Decided:  December 10, 2019

Before NIEMEYER, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC,
Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Lamonte Florence appeals the 24-month sentence imposed upon revocation of his supervised release. Florence's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence. Florence was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if the sentence is procedurally or substantively unreasonable must we determine whether it is plainly so. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

A revocation sentence is procedurally reasonable when the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2012) (listing relevant factors). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*,

2

872 F.3d at 206. "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted). In appropriate circumstances, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We find no unreasonableness, plain or otherwise, in Florence's sentence. The district court properly calculated Florence's policy statement range and sentenced him within that range. While the court provided only a limited explanation for the sentence it imposed, its statements throughout the revocation proceedings evidence both its consideration of the relevant § 3553(a) factors and its reasoned basis for rejecting Florence's arguments for a sentence that would include no active term of imprisonment. *See Montes-Pineda*, 445 F.3d at 381. The court's responses to Florence's arguments in mitigation, including his lengthy pro se arguments, reveal its proper emphasis on Florence's egregious breach of the court's trust, both in committing a string of robberies within mere months of commencing supervision and in making untruthful statements to the court during the revocation proceedings. *See Webb*, 738 F.3d at 641. Particularly when viewed in context, we conclude that the court's explanation was adequate to permit us to determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing," *Gibbs*, 897 F.3d at 204 (alterations and internal quotation marks omitted), thereby allowing us to "meaningfully consider the procedural reasonableness of the revocation sentence imposed," *Slappy*, 872 F.3d at 208. Finally, we conclude that Florence fails to rebut the presumption of substantive reasonableness accorded his sentence. *See Padgett*, 788 F.3d at 373.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Florence, in writing, of the right to petition the

4

Supreme Court of the United States for further review. If Florence requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Florence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*